IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD D. JACKSON, III, | ) | CASE NO. 1:11 CV 2069 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| DR. BARRNETT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Clifford D. Jackson, III filed the above-captioned action under 42 U.S.C. § 1983 against Dr. Barrnett, "Dr. Orthopedic," Dr. Robinson, S.R.T Officer Lewis, Nurse Mosher and Nurse Francis. In the complaint, Plaintiff alleges he was not provided with appropriate medical care in the Cuyahoga County Jail. He seeks monetary damages.

### Background

Plaintiff's complaint is very disjointed and at times difficult to understand. He indicates he is currently detained in the Cuyahoga County Jail. He contends a Caucasian inmate, N. Harrison, was injured and received a cast on his wrist, a steroid shot, and a prescription for Tylenol 3. Plaintiff states that when he injured his toe, he was given an ace bandage. He claims "this is clearly racial profiling... ." (ECF No. 1 at 2.)

Plaintiff claims S.R.T Officer Lewis stepped on his right big toe on September 1, 2011. He made a nurse aware of his injury and x-rays were taken of the toe. The orthopedic physician reported to Plaintiff that the toe was not fractured. He was prescribed an anti-inflammatory called Naprosyn.

Plaintiff complained that the medication was not working and was seen again by the orthopedic physician. This time the physician prescribed Prednisone. Plaintiff reported to the doctor that he was in severe pain and indicated he believed there was something serious wrong with his toe. The doctor told Plaintiff if the medicine did not improve his condition in two weeks, he would be scheduled for another medical appointment.

Plaintiff waited one week and filled out inmate request forms asking to be seen by the orthopedic physician. He was brought down to the doctor's office and was given a second x-ray. He claims the x-ray reveled a "meniscus between the joint." The doctor mentioned to Plaintiff he may need an MRI but the doctor indicated it was unlikely the jail would want to pay for it. He prescribed pain medication and another appointment was scheduled for two weeks later. At the next appointment, Plaintiff's medication was changed and he was instead given a wheelchair. Plaintiff asserts that "it is somewhat cruel and unusual punishment under the Eighth Amendment of the United States constitutional rights to deny the Plaintiff the proper medical care or treatment to follow through without the 'carelessness' and meet the Plaintiff's medical needs no matter the injury serious or minor." (ECF No. 1 at 6.) He contends "the facts of this case is [sic] caused by negligence and malpractice and carelessness." (ECF No. 1 at 7.)

Plaintiff brings claims against Nurses Mosher and Francis for giving him another inmate's medications. He contends they were negligent in disbursing medications to inmates.

-2-

Finally, Plaintiff claims Officer Lewis used excessive force against him when the Officer stepped on his toe. He states he had a pre-existing injury which was aggravated by the Officer's actions.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned,

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## Discussion

Although Plaintiff contends the Defendants violated his Eighth Amendment rights, that Amendment's protections apply specifically to post-conviction inmates. *See Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992). The Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

Prison and Jail officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of

confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth and Fourteenth Amendments only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As a threshold matter, Plaintiff fails to establish a deprivation that satisfies the objective component of his claim. He first claims Officer Lewis used excessive force when he stepped on Plaintiff's toe. When prison or jail officials are accused of using excessive physical force in violation of the Eighth Amendment, the Court considers "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Not every physical interaction with a prison or jail guard gives rise to a federal cause of action. *Id.*

> [O]fficials confronted with a prison disturbance must balance the threat [that] unrest poses to inmates, prison workers, administrators, and visitors against the harm inmates may suffer if guards use force. Because prison officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance, we must grant them wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.

*Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002). The issue is therefore not whether the use of force was absolutely necessary in hindsight. Instead, the Court must determine whether the use

of force could plausibly have been thought necessary, or if it showed such wantonness with respect to the unjustified infliction of harm that cannot be seen as anything but a willingness for it to occur. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Here, there are no facts which reasonably suggest any force was applied to Plaintiff. Plaintiff does not provide the circumstances under which his toe was injured or the actions the officer took before or after the injury. To state a claim for relief that is plausible on its face, Plaintiff must plead enough facts to allow the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. The Plaintiff must do more than suggest the sheer possibility that a Defendant has acted unlawfully. *Id.* Even liberally construed, Plaintiff's allegations do not suggest a malicious, sadistic, or wanton infliction of pain.

With respect to Eighth Amendment claims against the remaining Defendants, Plaintiff failed to show a deprivation occurred. He contends he complained his toe was injured. He was seen by an orthopedic physician and was given two sets of x-rays. He was seen approximately every two weeks by the physician. He was prescribed two different steroids and two pain medications. He was given a wheelchair. Although the jail physicians have not been able to cure Plaintiff's toe injury, which he admits he had injured prior to arriving at the jail, the Defendants have not deprived him medical care.

In addition, Plaintiff has not established the Defendants acted with a sufficiently culpable mental state to justify a finding of liability under the Eighth Amendment. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Farmer*, 511 U.S. at

837. Plaintiff asserts that the Defendants were negligent and committed medical malpractice. Allegations of medical malpractice, negligent diagnosis, or negligent treatment do not rise to the level of deliberate indifference and fail to state an Eighth Amendment claim. *Id.*

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: January 3, 2012

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-7-